EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBIN FOX,<br>  Plaintiff,<br><br>v.<br><br>CHEDDAR'S FRANCHISE<br>ACQUISITION, LLC, and<br>GMRI, INC,<br>  Defendants. | )<br>) No. **2:23-cv-00055**<br>)<br>)<br>) Removed from the Circuit Court<br>) for Putnam County, Tennessee<br>) Case No. 2023-CV-207<br>) **JURY DEMANDED**<br>)<br>) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, **Robin Fox** ("Mrs. Fox"), and sues the Defendants, **Cheddar's Franchise Acquisition, LLC** and **GMRI, Inc.,** and for her cause of action would state as follows:

1. The Plaintiff, Robin Fox (hereinafter referred to as "Plaintiff" or "the Plaintiff,") is a citizen and resident of Putnam County, Tennessee, more particularly residing at 755 Liberty Court, Cookeville, Tennessee 38501.

2. The Defendant, Cheddar's Franchise Acquisition, LLC (hereinafter referred to as "the Defendant" or "Cheddar's Scratch Kitchen") is a Delaware Limited Liability Company with a principal address of 1000 Darden Center Drive, Orlando, Florida 32837. This Defendant may be served with process at Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee 37027. This Defendant also operates under the assumed name "Cheddar's Scratch Kitchen."

3. The Defendant, GMRI, Inc., (hereinafter referred to as "the Defendant" or "GMRI") is a Florida Corporation with a principal address of 1000 Darden Center Drive,

1

Orlando, Florida 32837. This Defendant may be served with process at Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee 37027.

4. The acts and occurrences giving rise to this cause of action all occurred in Cookeville, Putnam County, Tennessee. As such, venue is proper, and the Plaintiff invokes the jurisdiction of this Court pursuant to T.C.A. § 16-10-101.

5. The Defendant, Cheddar's Franchise Acquisition, LLC, owns and operates a restaurant, commonly known as Cheddar's Scratch Kitchen #2131, which is located at 1375 Interstate Drive, Cookeville, Tennessee, 38501 (the "Restaurant").

6. Upon information and belief, the Defendant, GMRI. Inc, is the employer of the Cheddar's employees involved in this suit.

6. On August 28, 2022, Mrs. Fox visited the Restaurant for the purpose of purchasing food and eating a meal.

7. Mrs. Fox was greeted by a hostess, who led Mrs. Fox into the interior of the Restaurant.

8. Instead of leading Mrs. Fox through an appropriate pathway, the hostess chose a path through an area with limited space between tables.

9. Additionally, the hostess chose a path directly behind a server, who was in the process of actively assisting another guest of the Restaurant.

10. Mrs. Fox attempted to follow the host and tripped.

11. Mrs. Fox tripped when the server moved backwards and made contact with her, or on a dangerous condition upon the Restaurant's floor.

12. When Mrs. Fox tripped, she injured her hip, and, as a result, had significant pain, suffering, required medical treatment, and incurred medical bills.

13. The hostess who greeted Mrs. Fox and led her into the Restaurant was an employee of the Defendants, or one of them.

14. The server over whom Mrs. Fox tripped was an employee of the Defendants, or one of them.

15. At all times relevant to the allegations in this Complaint, the hostess and server were acting within the course and scope of employment with the Defendants, and for the benefit of the Defendants.

## COUNT ONE - NEGLIGENCE

16. The Plaintiff would adopt and incorporate the allegations contained in all previous paragraphs as if copied here verbatim.

17. The Plaintiff would submit the Defendants are vicariously liable for the actions, omissions, and/or conduct of its employees.

18. The hostess, server, and Defendants owed the Plaintiff a duty to act reasonably under the circumstances, to be aware of their surroundings and lead the Plaintiff on a reasonable path.

19. The Defendants and their employees created a dangerous situation by leading the Plaintiff through an inappropriate route and failing to be aware of their surroundings.

20. The server, specifically, did not act reasonably in failing to be aware of the Plaintiff's presence, and by tripping her.

21. The failure of the Defendants, through their employees and agents, were a breach of the Defendants' duties to the Plaintiff.

22. As a direct and proximate result of the breaches of the Defendants' duties set forth in the preceding paragraphs, the Plaintiff was injured, and has suffered damages.

3

23. The Plaintiff has sought medical treatment and received treatment which is reasonable and necessary for the injuries sustained in the incident that occurred on August 28, 2022.

## VI.     PRAYER

**WHEREFORE PREMISES CONSIDERED** the Plaintiffs would pray this Honorable Court for the following relief;

A.     That process issue upon each of the Defendants, and that they be required to file an answer in the time period prescribed by law;

B.     That a trial date be scheduled following a due course of discovery;

C.     That a jury be empaneled to hear and determine all issues so triable;

D.     That the Plaintiff be granted a judgment for all damages they may show themselves entitled in the final trial of this cause.

**RESPECTFULLY SUBMITTED** this the _____ day of _____, 2023.

Respectfully Submitted,

/s Seth B. Pinson_____
SETH B. PINSON
*Attorney for Plaintiff*
204 North Washington Avenue
Cookeville, Tennessee 38501
(931-372-7515)
B. P. R. No.031266
sethp@cookeville-attorneys.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the foregoing pleading has been filed electronically and a true and exact copy of same has been served upon the following individuals pursuant to the mandatory CM/ECF electronic filing system or by means as noted below:

John F. Floyd, Sr.
Summer E. Harcup
3990 Hillsboro Pike, Suite 300
Nashville, TN 37215

This the 5th day of December, 2023.

/s Seth B. Pinson
SETH B. PINSON